UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROGERS,

               Plaintiff,

          -against-

TARGET CORP.,

               Defendant.

24-CV-7883 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action without indicating whether he filed it under the Court's federal question or diversity of citizenship jurisdiction, and without setting forth any specific causes of action. By order dated November 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" extended to *pro se* litigants, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. In addition, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

## BACKGROUND

Plaintiff alleges in this complaint that "Target loss prevention allow[ed] a rumor to cloud their judgment." (ECF 1 ¶ III.) In August 2020, Plaintiff was diagnosed "with orthopox, patient zero for New York and [his] pandemic results in death." (*Id.*) Plaintiff further claims that shoplifting in New York City was decriminalized "under Mayor Baliro for streets 1 – 96"; that "your employee murdered me by using incest that made me look as if I had AIDS"; and that Bellevue Hospital "gave me a shot in the back of the hand to kill me. (*Id.*)

Plaintiff alleges that he was "killed with the shot given." (*Id.*) He seeks a "whole head transplant procedure"; insurance "for life"; the ability to alway[s] be revive[d]"; "artificial insemination for [his] first child in case [he doesn't] live"; and $400 million in damages. (*Id.* ¶ IV.)

## DISCUSSION

**A.    The complaint does not comply with federal pleading rules**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

Plaintiff's complaint does not comply with basic pleading requirements. The only allegation against Defendant is that "Target loss prevention allow[ed] a rumor to cloud their judgment." (ECF 1 ¶ III.) This assertion does not provide a short and plain statement giving Defendant fair notice of the claims he is asserting and the grounds on which they rest. Nor does Plaintiff provide any indication of the legal basis of his claims or why this Court has jurisdiction of his claims. Plaintiff's other allegations – about his medical issues, the decriminalization of shoplifting in New York City, and being murdered "by incest" – appear wholly unrelated to any claims he may be asserting against Target, the only Defendant named in this complaint.

## LEAVE TO AMEND AND LITIGATION HISTORY

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants him leave to replead his claims against Defendant.

The Court notes that Plaintiff has filed, and continues to file, *pro se* complaints in this court. Of the complaints that have been adjudicated in this court, only one, a social security appeal, has proceeded. *See Rogers v. Palm Restaurant*, ECF 1:25-CV-1663, 1 (LTS) (S.D.N.Y. filed Feb. 24, 2025); *Rogers v. Walmart, Inc.*, ECF 1:25-CV-289, 1 (LTS) (S.D.N.Y. filed Jan. 2, 2025) (pending); *Rogers v. Rogers*, ECF 1:25-CV-288, 1 (UA) (S.D.N.Y. filed Jan. 2, 2025) (pending); *Rogers v. Bowflex Inc.,* ECF 1:24-CV-8737, 5 (LTS) (S.D.N.Y. Nov. 26, 2024) (transferring complaint to the United States District Court for the District of New Jersey); *Rogers v. Comm'r of Soc. Sec.*, ECF 1:24-CV-7898, 1 (SDA) (S.D.N.Y. filed Oct. 10, 2024) (pending); *Rogers v. Gardasil,* ECF 1:24-CV-7889, 4 (LTS) (S.D.N.Y. Oct. 25, 2024) (transferring complaint to the United States District Court for the Western District North Carolina); *Rogers v. Gates*, ECF 1:24-CV-7077, 8 (LTS) (S.D.N.Y. Oct. 10, 2024) (transferring complaint to the United States District Court for the Northern District of Georgia);[1] *Rogers v. DeJoy*, ECF 1:24-CV-7076, 5 (LTS) (S.D.N.Y. Dec. 12, 2024) (dismissing complaint for failure to state a claim

---

[1] Two of the three transferred cases have already been dismissed. *See Rogers v. Gardasil*, No. 24-CV-991 (W.D.N.C. Dec. 12, 2024) (dismissing complaint because of incomplete IFP application); *Rogers* v. *Gates*, No. 24-CV-4983 (N.D. Ga. Nov. 4, 2024) (dismissing complaint for lack of subject matter jurisdiction).

and lack of subject matter jurisdiction); *Rogers v. NYU Hosp. Doctors*, ECF 1:24-CV-6974, 5 (LTS) (S.D.N.Y. Jan. 10, 2025) (dismissing complaint for lack of subject matter jurisdiction); *Rogers v. Carter*, ECF 1:24-CV-6253, 5 (LTS) (S.D.N.Y. Nov. 14, 2024) (dismissing complaint for lack of subject matter jurisdiction).

In light of this litigation history, the Court finds that Plaintiff should be able to file a complaint that is properly filed in this District, complies with federal pleading rules, and shows that the Court has subject matter jurisdiction of this claims, should facts exist to support a plausible claim against Defendant. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where litigant may be charged with knowledge of particular legal requirements); *Roberts v. United States*, ECF 1:24-CV-1512, 4 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that "before filing any lawsuit, she must make a good faith investigation into whether she has a nonfrivolous legal claim," and that "[r]epetitive filing of frivolous litigation in this Court could result in an order barring [her] from filing new actions IFP under 28 U.S.C. § 1651").

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action, dismissing the complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days leave to replead his claims in an amended complaint, should he wish to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

  Dated:   March 3, 2025
             New York, New York

                               /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes     ☐ No
(check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                     Street Address _____

                     County, City _____

                     State & Zip Code _____

                     Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                         1

Defendant  No. 1    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 2    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 3    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 4    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____
_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

What happened to you?

_____

_____

_____

Who did what?

_____

_____

_____

_____

Was anyone else involved?

_____

_____

Who else saw what happened?

_____

_____

_____

_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff       _____

Mailing Address             _____

_____

_____

Telephone Number            _____

Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:      _____

Inmate Number               _____

*Rev. 12/2009*                                    4