UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROGERS,

           Plaintiff,

    -against-

TARGET CORP.,

           Defendant.

24-CV-7883 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action against Target Corp. By order dated March 5, 2025, Chief Judge Swain dismissed the complaint with leave to replead because the original pleading did not comply with federal pleading rules. On March 25, 2025, Plaintiff filed an amended complaint, at which point the matter was reassigned to my docket. The Court has reviewed the amended complaint, and dismisses the action for the reasons set forth below.

## BACKGROUND AND DISCUSION

    Plaintiff alleged in the original complaint that "Target loss prevention allow[ed] a rumor to cloud their judgment."[1] (ECF 1 ¶ III.) In August 2020, Plaintiff was diagnosed "with orthopox, patient zero for New York and [his] pandemic results in death." (*Id.*) Plaintiff further claimed that shoplifting in New York City was decriminalized "under Mayor Baliro for streets 1 – 96"; that "your employee murdered me by using incest that made me look as if I had AIDS"; and that Bellevue Hospital "gave me a shot in the back of the hand to kill me. (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff alleged that he was "killed with the shot given." (*Id.*) He seeks a "whole head transplant procedure"; insurance "for life"; the ability to alway[s] be revive[d]"; "artificial insemination for [his] first child in case [he doesn't] live"; and $400 million in damages. (*Id.* ¶ IV.)

By order dated March 5, 2025, Chief Judge Swain dismissed the complaint with leave to replead because:

> Plaintiff's complaint does not comply with basic pleading requirements. The only allegation against Defendant is that "Target loss prevention allow[ed] a rumor to cloud their judgment." (ECF 1 ¶ III.) This assertion does not provide a short and plain statement giving Defendant fair notice of the claims he is asserting and the grounds on which they rest. Nor does Plaintiff provide any indication of the legal basis of his claims or why this Court has jurisdiction of his claims. Plaintiff's other allegations – about his medical issues, the decriminalization of shoplifting in New York City, and being murdered "by incest" – appear wholly unrelated to any claims he may be asserting against Target, the only Defendant named in this complaint.

ECF 5 at 3.

Plaintiff filed an amended complaint on March 18, 2025. He alleges:

> Loss prevention officers failed me and target beause the conversations openly express by man + woman that ID target as their employer were defamation Also. Harassment is called due to the patter that they exhibit whenever I entered the store. They follow me bump into me lie, say disrespectful name, hate crime. Speaking of these horrible crimes committed as for may were live streams when they were being assaulted. Had these employer reported what they saw too the police instead gossipin or discussing amongst their peers. A proper investigation could have happen. [] I am responsible for Covid-19, the word CORNA the R is my last name lies about this also caused wreckless endanger due to the death toll + emotional damage caused by the virus.

(ECF 6 at 3.)

Plaintiff seeks $75 million in damages, and the following injunctive relief: "remove the attitude those shoppers have"; "25K from Amazon for life; "feature . . . [Plaintiff's] line of custom logo printed t-shirts"; and "Build a 911 station house[]." (*Id.* at 5.)

2

The Court dismisses the amended complaint for the same reasons that Chief Judge Swain dismissed the original complaint. In short, the amended complaint does not comply with federal pleading rules. The facts alleged do not provide a short and plain statement giving Defendant fair notice of the claims he is asserting and the grounds on which they rest. Accordingly, the amended complaint is dismissed for failure to state a claim on which relief may be granted.

## LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

Moreover, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Public Access to Court Electronic Records shows that Plaintiff has filed 20 *pro se* cases in this district since 2024. With the exception of a social security appeal, which remains pending,[2] the cases that have been adjudicated have either been dismissed on the merits or dismissed because Plaintiff did not comply with court orders. *See Rogers v. White House*, No. 25-CV-1773 (LLS) (S.D.N.Y. June 9, 2025) (listing cases). The court has warned Plaintiff that he could face a filing injunction if he persists in filing complaints that lack merit. *See Id.* That warning remains in effect. *See Roberts v. United States*, ECF 1:24-

---

[2] *See Rogers v. Comm'r of Soc. Sec.*, No. 24-CV-7898 (SDA) (S.D.N.Y. Feb. 4, 2025) (pending government motion for summary judgment).

CV-1512, 4 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that "before filing any lawsuit, he must make a good faith investigation into whether he has a nonfrivolous legal claim," and that "[r]epetitive filing of frivolous litigation in this Court could result in an order barring him from filing new actions IFP under 28 U.S.C. § 1651").

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is warned that further vexatious or frivolous litigation in this Court may result in an order barring him from filing new actions IFP unless he receives prior permission. *See* 28 U.S.C. § 1651.

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   July 1, 2025
        New York, New York

                                                              Louis L. Stanton
                                                                  U.S.D.J.